J-S33030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ADOPTION OF: D.J.J. (MINOR CHILD) | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: C.J., FATHER | No. 1946 WDA 2015 |

Appeal from the Order entered November 10, 2015,
in the Court of Common Pleas of Washington County, Orphans'
Court, at No(s): 63-15-0603

BEFORE: GANTMAN, P.J., OLSON, and FITZGERALD*, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 09, 2016**

C.J. ("Father") appeals from the order dated and entered on November 10, 2015, granting the petition filed by the Washington County Children and Youth Social Service Agency ("CYS" or the "Agency") to involuntarily terminate his parental rights to his dependent, minor child, D.J.J., a/k/a D.J.Ja., a male born in March of 2013, ("Child"), pursuant to the Adoption Act, 23 Pa.C.S. § 2511(a)(1), (2), (5), and (b).[1] We affirm.

The trial court has set forth the relevant history of this case in its Opinion. *See* Trial Court Opinion, 11/10/15, at 1-11. We adopt the trial court's recitation for purposes of this appeal, and we set forth herein only

_____

* Former Justice specially assigned to the Superior Court.

[1] On November 24, 2015, the trial court voluntarily terminated the parental rights of K.J., a/k/a K.Ja., the natural mother of Child, ("Mother"). Mother did not file an appeal of her own, and she is not a party to this appeal, nor has she filed any brief in relation to this appeal.

those facts, as found by the trial court, that are necessary to understand our disposition of the appeal. *See id*.

> Due to his incarceration, [Father] has never performed parental duties for or provided direct financial support to [Child]. In his first thirty (30) months of life, [Child] has endured two separate periods of supervision by CYS. Since early August of 2014, he has lived in Agency foster care. His mother[,] afflicted with a recalcitrant addiction to controlled substances[,] exposed him to unsafe living conditions and according to [Father] physical abuse by [M]other's paramour. [Child] has encountered speech and physical developmental delays. [Father] has not been available to assist [Child] with any of these challenges. [Father] has maintained only very limited contact with [Child]. [Father] has for the most of the last (10) ten years and all of [Child's] life been incarcerated. [Father] has completed many rehabilitative programs while incarcerated at SCI – Mercer. However, at the time of the termination proceeding [Father] could only advise this court that he *could be* paroled in November of 2015 and he *could be* released to a half-way house.

Trial Court Opinion, 11/10/15, at 12-13.

On November 10, 1015, the trial court filed its Opinion and Order granting the petition to involuntarily terminate the parental rights of Father to Child, pursuant to section 2511(a)(1), (2), (5), and (b) of the Adoption Act. On December 9, 2015, Father timely filed a notice of appeal along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), in which he raised nine issues for review.

In his brief on appeal, Father raises two questions for this Court's review, as follows:

> I. Whether the trial court erred in terminating Father's parental rights pursuant to § 2511(a)(1)(2) and (5) when Father complied, to the best of his ability while incarcerated, with the requirements set forth by the court[?]

- 2 -

II. Whether the trial court erred in terminating Father's parental rights pursuant to § 2511(a)(1)(2) and (5) when Father was never provided any contact with the minor child since the time of adjudication except for cards and letters[?]

Father's Brief, at 4.[2]

In his first issue, Father essentially argues that there was insufficient evidence to support the involuntary termination of his parental rights pursuant to section 2511(a)(1), (2), and (5). Father contends that his incarceration severely limited his ability to maintain contact with Child, but he did maintain contact to the best of his ability, and he completed all programs available to him while incarcerated at the State Correctional Institution ("SCI") - Mercer. In his second issue, Father asserts that CYS failed to provide him with the opportunity for reunification with Child, because CYS never permitted him to have face-to-face contact with Child. Accordingly, Father urges that the trial court erred in terminating his parental rights.

In reviewing an appeal from an order terminating parental rights, we adhere to the following standard:

> [A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. *In re: R.J.T.*, 608 Pa. 9, 9

---

[2] Father stated his issues somewhat differently in his concise statement. We, nevertheless, find that Father preserved the issues in his brief for our review.

A.3d 1179, 1190 (Pa. 2010). If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. *Id.*; *R.I.S.*, [614 Pa. 275, 284,] 36 A.3d 567, 572 (Pa. 2011) (plurality opinion)]. As has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. *Id.*; *see also Samuel Bassett v. Kia Motors America, Inc.*, 613 Pa. 371[, 455], 34 A.3d 1, 51 (Pa. 2011); *Christianson v. Ely*, [575 Pa. 647, 654-655], 838 A.2d 630, 634 (Pa. 2003). Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. *Id.*

As we discussed in *R.J.T.*, there are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. *R.J.T.*, [608 Pa. at 28-30], 9 A.3d at 1190. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. *In re Adoption of Atencio*, [539 Pa. 161, 165,] 650 A.2d 1064, 1066 (Pa. 1994).

*In re Adoption of S.P.*, 616 Pa. 309, 325-26, 47 A.3d 817, 826-27 (Pa. 2012).

The burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. *In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009).

Moreover, we explained:

[t]he standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to

- 4 -

enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

***Id.*** *quoting* ***In re J.L.C.***, 837 A.2d 1247, 1251 (Pa. Super. 2003).

This Court may affirm the trial court's decision regarding the termination of parental rights with regard to any one subsection of section 2511(a). ***See In re B.L.W.***, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). The trial court terminated Father's parental rights under section 2511(a)(1), (2), (5), and (b). ***See*** Trial Court Opinion, 11/10/15, at 11-12, 15-20.[3] Section 2511(a)(1), (2), (5), and (b) provide as follows:

**§ 2511. Grounds for involuntary termination**

(a) General rule.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

\* \* \*

---

[3] We note that, on the second page of its order, the trial court apparently made a clerical error in citing 23 Pa.C.S.A. § 2511(a)(1), which was not quoted in the order. Moreover, although the trial court did not cite section 2511(b) in its order, it discussed and considered section 2511(b) in its Opinion that accompanied the order. ***See*** Trial Court Opinion, 5/12/15, at 16-17.

(5)   The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

* * *

(b) Other considerations.--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child.   The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.  With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511.

This Court has explained that the focus in terminating parental rights under section 2511(a) is on the parent, but, under section 2511(b), the focus is on the child.  ***In re Adoption of C.L.G.***, 956 A.2d 999, 1008 (Pa. Super. 2008) (*en banc*).   As we may affirm the trial court's decision regarding the termination of parental rights with regard to any one subsection of section 2511(a), we will focus on subsection 2511(a)(2).

First, we find there is competent evidence in the record to support the involuntary termination of Father's parental rights under subsection 2511(a)(2). Our Supreme Court set forth our inquiry under section 2511(a)(2) as follows.

> [Section] 2511(a)(2) provides [the] statutory ground[] for termination of parental rights where it is demonstrated by clear and convincing evidence that "[t]he repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent." . . .
>
> [The Supreme Court] has addressed incapacity sufficient for termination under § 2511(a)(2):
>
>> A decision to terminate parental rights, never to be made lightly or without a sense of compassion for the parent, can seldom be more difficult than when termination is based upon parental incapacity. The legislature, however, in enacting the 1970 Adoption Act, concluded that a parent who is incapable of performing parental duties is just as parentally unfit as one who refuses to perform the duties.
>
> *In re Adoption of J.J.*, [511 Pa. 590, 605,] 515 A.2d 883, 891 (Pa. 1986), *quoting* *In re: William L.*, [477 Pa. 322, 345,] 383 A.2d 1228, 1239 (Pa. 1978).

*In re Adoption of S.P.*, 616 Pa. at 326-327, 47 A.3d at 827.

This Court stated that a parent is required to make diligent efforts towards the reasonably prompt assumption of full parental responsibilities. *In re A.L.D.* 797 A.2d 326, 337 (Pa. Super. 2002). A parent's vow to cooperate, after a long period of uncooperativeness regarding the necessity

- 7 -

or availability of services, may properly be rejected as untimely or disingenuous. *Id.* at 340.

In *In re Adoption of S.P.*, our Supreme Court instructed:

> incarceration is a factor, and indeed can be a determinative factor, in a court's conclusion that grounds for termination exist under § 2511(a)(2) where the repeated and continued incapacity of a parent due to incarceration has caused the child to be without essential parental care, control or subsistence and [] the causes of the incapacity cannot or will not be remedied.

*In re Adoption of S.P.*, 616 Pa. at 328-329, 47 A.3d at 828.

After re-visiting its decision in *In re: R.I.S.*, 36 A.3d 567, 572 (Pa. 2011), regarding incarcerated parents, the Supreme Court stated:

> we now definitively hold that incarceration, while not a litmus test for termination, can be determinative of the question of whether a parent is incapable of providing "essential parental care, control or subsistence" and the length of the remaining confinement can be considered as highly relevant to whether "the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent," sufficient to provide grounds for termination pursuant to 23 [Pa.C.S.A.] § 2511(a)(2). [*See In re: E.A.P.*, 944 A.2d 79, 85 (Pa. Super. 2008)] (holding termination under § 2511(a)(2) supported by mother's repeated incarcerations and failure to be present for child, which caused child to be without essential care and subsistence for most of her life and which cannot be remedied despite mother's compliance with various prison programs). If a court finds grounds for termination under subsection (a)(2), a court must determine whether termination is in the best interests of the child, considering the developmental, physical, and emotional needs and welfare of the child pursuant to § 2511(b). In this regard, trial courts must carefully review the individual circumstances for every child to determine, *inter alia*, how a parent's incarceration will factor into an assessment of the child's best interest.

***In re Adoption of S.P.***, 616 Pa. at 331-332, 47 A.3d at 830-831 (some

internal citations omitted).

Here, the trial court found as follows:

The individual circumstances of this case clearly warrant termination. Despite his diligent efforts to complete available rehabilitation programs within the correctional system, the record contains no credible or persuasive evidence that [Father] has remedied his parental incapacity. For [Father,] his road to recovery and rehabilitation will not end when he is released from incarceration. [Father] will be placed in a half-way house. No credible or persuasive evidence was offered to indicate whether [Child] could reside with [Father] at the half-way house. The record contains no evidence that [Father] upon his release will have employment to support [Child], permanent housing for [Child] and transportation necessary to maintain [Child's] consistent attendance in physical, occupational and speech therapy. 23 Pa.C.S.A. § 5329 will require the court to further determine whether [Father] poses a threat of harm [to Child]. because of [Father's] conviction for Corruption of Minors where the victim was a four (4) year old child.[5] Timely permanency for [Child] will be delayed further in the hope that [Father] will be successful in his ongoing rehabilitation and parole and not pose a threat to harm [Child]. After a tumultuous first thirty months of life, [Child] is entitled to the certainty of knowing that the home and family he is with is forever.

_____

[5] 23 Pa.C.S.A. § 5329 provides

**Offenses. –** Where a party seeks any form of custody, the court shall consider whether that party or member of that party's household has been convicted of or has pleaded guilty or no contest to any of the offenses in this section or an offense in another jurisdiction substantially equivalent to any of the offenses in this section. The court shall consider such conduct and determine that the party does not pose a threat of harm to the child before making any order of custody to that parent when considering the following offenses:

. . . 18 Pa.C.S. § 6301 (relating to corruption of minors).

Trial Court Opinion, 11/10/15, at 14-15.

We find that the competent evidence in the record supports the trial court's decision and, thus, the trial court did not abuse its discretion in terminating Father's parental rights under section 2511(a)(2). ***In re Adoption of S.P.***, 616 Pa. at 325-26, 47 A.3d at 826-27. ***See*** Trial Court Opinion, 11/10/15, at 12-15; Trial Court Rule 1925(a) Opinion, 1/8/16, at 2-6.

In his second issue, "Father contends that the Agency did not exercise the necessary efforts in attempting to reunify the family in this case as Father was never offered any visitation at the correctional facility." Father's Brief at 15. Our Supreme Court, however, recently rejected the argument that the provision of reasonable efforts by the county children's services agency is a factor in terminating parental rights to a child. ***See In the Interest of: D.C.D., a Minor***, 105 A.3d 662, 673-674, 676 (Pa. 2014) (rejecting the suggestion that an agency must provide reasonable efforts to enable a parent to reunify with a child prior to the termination of parental rights, and rejecting the suggestion that section 2511 of the Adoption Act should be read in conjunction with section 6351 of the Juvenile Act, particularly section 6351(f)(9)(iii)). Thus, based on our Supreme Court's

holding in *In the Interest of: D.C.D., a Minor*, we find that Father's second issue lacks merit.[4]

_____

[4] We note that Father does not discuss section 2511(b) in either his concise statement or his brief on appeal. Thus, we find that Father waived any challenge relating to section 2511(b). *Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776, 797 (Pa. Super. 2006) (holding that an appellant waives issues that are not raised in both his concise statement and the statement of questions involved in his brief); *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted) ("Appellate arguments which fail to adhere to [Pa.R.A.P. 2119] may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.").

Even if Father properly raised and preserved a challenge to the termination of his parental rights under section 2511(b), we would conclude that such a claim lacks merit. Our Supreme Court recently stated as follows:

> [I]f the grounds for termination under subsection (a) are met, a court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S. § 2511(b). The emotional needs and welfare of the child have been properly interpreted to include "[i]ntangibles such as love, comfort, security, and stability." *In re K.M.*, 53 A.3d 781, 791 (Pa. Super. 2012). In *In re E.M.*, [533 Pa. 115, 121, 620 A.2d 481, 485 (Pa. 1993)], th[e Supreme] Court held that the determination of the child's "needs and welfare" requires consideration of the emotional bonds between the parent and child. The "utmost attention" should be paid to discerning the effect on the child of permanently severing the parental bond. *In re K.M.*, 53 A.3d at 791.

*In re: T.S.M.*, 620 Pa. 602, 628-629, 71 A.3d 251, 267 (Pa. 2013).

Applying the applicable needs and welfare analysis, we would adopt the trial court's discussion of section 2511(b) in its opinion entered on November 10, 2015, as this Court's own. *See* Trial Court Opinion, 11/10/15, at 15-20; Trial Court Rule 1925(a) Opinion, 1/8/16, at 6-10. The trial court properly relied on the case law in *In re Adoption of S.P.*, *supra*, to set forth our Supreme Court's instructions regarding involuntary termination of parental rights of an incarcerated parent pursuant to section 2511(b). We find

For each of the foregoing reasons, we affirm the trial court's order involuntarily terminating Father's parental rights.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2016

---

competent evidence in the record to support the trial court's decision and, thus, discern no abuse of discretion in terminating Father's parental rights under section 2511(b). ***In re Adoption of S.P.***, 616 Pa. at 325-26, 47 A.3d at 826-27.